**Baldev SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74697.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 24, 2006.

Hector M. Roman, Jr., Esq., Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Barbara C. Biddle, Esq., U.S. Department of Justice, Civil Division, Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Baldev Singh is a native and citizen of India. Singh petitions for review of a

Board of Immigration Appeals' ("BIA") decision that denied his appeal of the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We lack jurisdiction to consider Singh's contention regarding his eligibility for CAT relief, because he failed to exhaust that claim before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

We have jurisdiction under 8 U.S.C. § 1252 over the remaining claims. "Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *See Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000). We review for substantial evidence the denial of asylum and withholding of removal, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition.

Even assuming that Singh established past persecution, we conclude the presumption of a well-founded fear of persecution was rebutted by the IJ's individualized analysis of both changed country conditions and Singh's own conduct in returning to India without incident in 1996. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003) (concluding that substantial evidence supported determination that government rebutted presumption of well-founded fear). Therefore, substantial evidence supports the denial of asylum. *See id.*

Because Singh did not establish that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.